UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DERON WRIGHT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 04 C 6579 |
| | ) |
| UNITED STATES OF AMERICA | ) Judge Joan H. Lefkow |
| | ) |
| Respondent | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

On February 20, 2003, Deron Wright ("Wright") appeared before this court and, pursuant to a plea agreement entered into with the United States Attorney, entered a plea of guilty to conspiracy to possess with intent to distribute more than one kilogram of mixtures containing phencyclidine ("PCP") in violation of 21 U.S.C. § 846. Several months later, on October 10, 2003, this court determined that under the Sentencing Guidelines, Wright's Sentencing Guideline range was 210 to 262 months in custody, which was based on an offense level of 36 and a criminal history category III. Thereafter, Wright filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and later an amendment and supplement to that motion. Taken together, Wright sought to vacate his sentence on three grounds: (1) constitutionally ineffective assistance of counsel in violation of the Sixth Amendment; (2) unconstitutional enhancement of his sentence in violation of *Apprendi* v. *New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Blakely* v. *Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and (3) a sentence in excess of the statutory maximum. On October 17,

1

2006, this court denied both Wright's original and supplemental petitions. Presently before the court is Wright's motion for a certificate of appealability ("COA") under 28 U.S.C. § 2253(c)(2). For the reasons stated below, Wright's motion for a COA is denied.

## STANDARD

Under 28 U.S.C. § 2253, a habeas petitioner does not have an "absolute entitlement" to appeal a district court's denial of his petition; rather, he must first request a COA from a circuit justice or district judge. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003). With respect to claims of constitutional violations denied on their merits, a habeas petitioner is entitled to a COA only if he can make a substantial showing of the denial of a constitutional right. *See id.* To make a substantial showing the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983). The COA requirement is a threshold issue and a determination of whether one should issue neither requires nor permits full consideration of the factual and legal merits of the claims. "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El*, 537 U.S. at 335-36.

## DISCUSSION

In his habeas petition, Wright argued that he was denied effective assistance of counsel because (1) his counsel fostered the misimpression that he would receive a sentence not to exceed ten years by failing to advise and explain (a) the elements of the crimes charged in the

indictment, (b) the Pre-sentence Investigation Report ("PSR"), (c) the application of the Sentencing Guidelines, (d) "the effect that the imposition of the mandatory supervised release term would have on the total time he could be imprisoned," and (e) "the effect that the drug quantity could have on his sentence;" (2) his counsel pressured him to plead guilty by falsely advising him and his family that his ill father would receive a sentence of home confinement in exchange for his guilty plea; (3) his counsel failed to advise him that the Sentencing Guidelines recommended a sentence of approximately seventeen years, whether his guilt was determined by trial or by plea; (4) his counsel failed to move for a downward departure and to challenge the government's calculation of his criminal history category; and (5) his counsel failed to explain the consequences of the waiver of appeal in his plea agreement.

In denying Wright's petition, the court noted that in order to prevail on his ineffective assistance of counsel claims, Wright had to show (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland* v. *Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Following a thorough review of the transcript of Wright's change-of-plea hearing, the court concluded that Wright could not satisfy the second prong of the *Strickland* test because the court's plea colloquy during his change-of-plea hearing cured every alleged deficiency in his counsel's performance, thus making his guilty plea knowing and voluntary. As a consequence, the court found that Wright could not show that, but for his counsel's alleged errors, he would not have pled guilty but would have instead insisted on going to trial.

In the instant motion, Wright first contends that it is debatable whether the court should

3

have held an evidentiary hearing to explore his allegation that his counsel promised him that in exchange for pleading guilty, his ill father would receive a sentence of home confinement. While Wright now claims that he can identify exactly "when" and "where" his counsel made this alleged promise, he failed to do so when his habeas petition was before the court. At that time, Wright merely claimed that the alleged promises were made during one or more of his pre-plea discussions with his counsel. It is clear that such indefinite and uncorroborated allegations are insufficient to warrant holding an evidentiary hearing, particularly when Wright's unsubstantiated allegations are weighed against (1) the statement by the Assistant United States Attorney responsible for both Wright's and his father's cases denying that he ever offered, mentioned, or discussed in any respect the possibility of Wright's father receiving a sentence of home confinement; and (2) Wright's own statements in open court that he had not been promised or assured of anything other than what was reflected in the plea agreement.

The affidavit of Wright's sister, Renee Wright, submitted in support of his habeas petition does not alter this conclusion. In her affidavit, Ms. Wright averred that "Mr Robert Willis, Esq. has used me to influence my brother to plead guilty, and that will ultimately help my father in his home confinement situation." At most, this vague averment alleges that Wright's counsel speculated that if Wright cooperated and pled guilty, the United States Attorney's Office might be willing to recommend that the court sentence his father to home confinement. That allegation falls well short of the type of explicit agreement that Wright alleges his counsel represented that he had arranged with federal prosecutors. Accordingly, contrary to Wright's contention, his allegation is not corroborated by his sister's affidavit, and thus, there is no basis to find that a reasonable jurist would find that the court's ruling declining to hold an evidentiary hearing to

explore his unsubstantiated allegations is debatable or wrong.

Wright next contends that a COA should issue because his counsel failed to file a notice of appeal, despite his specific request.[1] Under certain circumstances, counsel's failure to file an appeal can constitute ineffective assistance of counsel. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). In this case, however, Wright's claim is foreclosed by the plea agreement. Under the plea agreement, Wright explicitly waived the right to appeal the sentence imposed and the right to challenge his sentence or the manner in which it was determined in any collateral attack, including a motion brought under § 2255. As discussed above and further below, Wright knowingly and voluntarily entered into the plea agreement. As a consequence, he waived his right to appeal and therefore is precluded from asserting an ineffective assistance claim based on counsel's alleged failure to file a notice of appeal. *Alcantara v. United States*, 2003 WL 102873, at * 2 (S.D.N.Y. 2003) (finding failure to file appeal not ineffective where petitioner had waived right to appeal); *Rosa v. United States*, 170 F. Supp. 2d 388, 408 (S.D.N.Y. 2001) ("[H]is attorney was not ineffective in failing to file a notice of appeal because no appeal could be pursued under the Plea Agreement.").

Wright's waiver specifically exempted claims of ineffective assistance of counsel. Even if such a claim would have been the basis of his appeal, however, appellate courts generally do not consider claims of ineffective assistance of counsel on direct appeal from guilty pleas. *See United States v. Fisher*, 772 F.2d 371, 373 (7th Cir. 1985) (collecting cases). Thus, his counsel's failure to file a notice of appeal on that issue was not objectively unreasonable. Similarly, though

---

[1] Wright correctly observes that the court overlooked this argument in resolving his § 2255 petition. Thus, the court evaluates the claim here under the standards applicable to § 2255 petitions and requests for a COA.

5

the plea agreement also exempted claims of involuntariness, Wright's claims of involuntariness in his § 2255 petition were merely repackaged allegations of ineffective assistance of counsel. Thus, his counsel was also not objectively unreasonable in failing to file a notice of appeal on claims that his guilty plea was involuntary. In light of the foregoing, Wright's claim regarding his counsel's failure to file a notice of appeal is denied, as is his request for a COA.

Wright argues for the first time in his present petition that since the plea agreement anticipated an offense level of 33 and a Sentencing Guideline range of 135 to 168 months, the court was obligated pursuant to Fed. R. Crim. P 11(c)(1)(C) to advise the parties that it rejected the plea agreement and to give him the opportunity to withdraw his guilty plea.[2] Since Wright did not raise this claim in either his original or supplemental § 2255 petition, he cannot now make a substantial showing of the denial of a constitutional right.

Even if his claim is considered, it is unavailing. First, the plea agreement did not anticipate an offense level of 33. Instead, the plea agreement specifically provided that the parties anticipated a base offense level of 36 and agreed to disagree as to whether Wright should be given a two level enhancement pursuant to Sentencing Guideline § 3B1.1(c) as a manager or supervisor of criminal activity. *See* Plea Agreement at 6(b). Since the court ultimately agreed that Wright's base offense level was 36 and that the two level enhancement was appropriate, there is no basis to Wright's contention that the court's sentence constituted a rejection of the plea agreement.

---

[2] Wright refers to Rule 11(e)(1)(C). The current Federal Rules of Criminal Procedure do not contain a Rule 11(e)(1)(C). In 2002, though, Rule 11(e)(1)(C) was renumbered to Rule 11(c)(1)(C), without any substantive change. Based on the nature of Wright's argument, it is clear that he intends to invoke this renumbered rule. Thus, the court refers to the current numbering in this opinion.

6

Regardless, the plea agreement provides:

> "The defendant and his attorney and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the time of this Agreement. The defendant understands that the Probation Department will conduct its own investigation and the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculation."

Plea Agreement, at 6(g). Later, the plea agreement further states:

> "It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and subject to the limitations of the sentencing guidelines, may impose the maximum penalties as set forth in paragraph 8 above. The defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

Plea Agreement, at 16. Moreover, The court's authority to reject the preliminary Sentencing Guidelines calculations contained in the plea agreement was reiterated by the court during Wright's plea colloquy. Thus, the plea agreement and the plea colloquy made clear that Wright's plea agreement was not a Rule 11(c)(1)(C) plea agreement. As such, Wright was not entitled to special advisements, nor an opportunity to withdraw his guilty plea even if the court departed from the preliminary Sentencing Guideline calculations made by the parties in the plea agreement.

Wright next requests a COA to challenge the court's rejection of his argument based on *Apprendi*, 530 U.S. 466.[3] In his § 2255 petition, Wright argued that his sentence violated the Supreme Court's holding in *Apprendi* because the court found facts necessary to support its

---

[3]Wright also frames his argument as an additional allegation of ineffective assistance of counsel. Since, however, he argued this claim in his original petition as an *Apprendi* violation and largely treats it as such in his present petition, the court evaluates the allegations according to *Apprendi*. That decision is of little consequence, however, because as the discussion makes clear, Wright's claim would be no less untenable if construed as an allegation of ineffective assistance of counsel.

7

determination that Wright was subject to the two level enhancement for being an organizer or leader of criminal activity. In rejecting his argument, the court explained that its Sentencing Guideline computations were fully supported by stipulated facts in the plea agreement and did not require any judicial fact-finding. In his present petition, Wright argues that since the plea agreement permitted him to contest the government's recommendation of the two level enhancement, it is at least debatable whether that language also permitted him to contest the stipulated facts relied on by the court to support its application of the two level enhancement.

In paragraph 5 of the plea agreement, Wright expressly admitted the facts relied on by the court to apply the two level enhancement and agreed that those facts established his guilt beyond a reasonable doubt. To permit Wright to contest those facts now in order to argue against the applicability of the two level enhancement would contravene the express language of the plea agreement and undermine its entire factual foundation. Paragraph 6(c) of the plea agreement merely reserved Wright's right to contest whether the facts stipulated in paragraph 5 were legally sufficient to warrant application of the two level enhancement. Contrary to Wright's argument, it did not permit him to disagree with the facts that he had just agreed to in the preceding paragraph. Thus, in light of the express language of the plea agreement, no reasonable jurist could disagree that the court's reliance on the stipulated facts in the plea agreement did not violate *Apprendi*.

Wright seeks a COA on another issue not raised in his original or supplemental petition. In this instance, Wright argues that since the indictment did not specifically reference 21 U.S.C. § 841(b), the statutory provision that sets forth the penalty framework for defendants convicted under 21 U.S.C. § 841(a) and 21 U.S.C. § 846, it is at least arguable that he should have been

8

sentenced under 21 U.S.C. § 841(b)(1)(D), the subsection that provides for the lowest possible penalty for defendants convicted of conspiring to distribute a Schedule III controlled substance. In support of his position, Wright cites *United States v. Cordoba-Murgas*, 422 F.3d 65 (2nd Cir. 2005). In *Cordoba-Murgas*, the court merely held that "when a defendant is indicted for a violation of 21 U.S.C. § 841(a) without a specified quantity of drugs, the defendant's allocution to a particular quantity cannot serve to waive the failure to indict him for the separate crime of violation of § 841(a) with a particular quantity of drugs. Accordingly, the defendant cannot be sentenced to a term of imprisonment greater than the statutory maximum set forth in § 841(b)(1)(C) for violation of § 841(a) without a specified quantity." 422 F.3d at 70. In this case, Wright does not allege that the indictment failed to specify a drug quantity; nor could he, because the indictment specifically charged in Count I that Wright conspired to distribute more than one kilogram of PCP. Accordingly, *Cordoba-Murgas* is inapplicable to the facts of this case.

There is simply no requirement that the indictment specifically invoke § 841(b) when charging violations of either § 841(a) or § 846. Section 841(b) provides that any person convicted under subsection § 841(a) is subject to the penalties set forth in § 841(b). That is ample notice to any defendant of the possible penalties for distribution or conspiracy to distribute controlled substances. Thus, since Wright pled guilty to Count I, which charged a drug quantity of more than one kilogram, Wright was properly sentenced under § 841(b)(1)(A)(iv).[4] That

---

[4] In denying Wright's original petition, the court mistakenly stated that Wright was properly sentenced under § 841(b)(1)(B), which is applicable only to defendants who were convicted of a violation of § 846 involving 10 grams or more of PCP or 100 grams or more of a mixture containing a detectable amount of PCP. Since Wright pled guilty to conspiring to distribute more than one kilogram of mixtures containing more than a detectable amount of PCP, he was properly sentenced under § 841(b)(1)(A)(iv), which applies to defendants who were convicted of conspiring to distribute more than one kilogram of a mixture containing a detectable amount of PCP.

subsection provides for a penalty of a term of imprisonment not less than 10 years or more than life. Since Wright was sentenced to 210 months, or 17.5 years, his sentence was proper. Wright's request for a COA on this claim is therefore denied.

Finally, Wright contends that all of the aforementioned allegations of ineffective assistance of counsel rendered his guilty plea involuntary. Since the court has already concluded that no reasonable jurist could find that Wright's counsel provided ineffective assistance, there is no basis to find that Wright's guilty plea was involuntary. Accordingly, Wright's request for a COA on this claim is denied.

## CONCLUSION

For the reasons stated above, Wright's motion for a certificate of appealabilty [# 19] is denied.

ENTER: _____
JOAN HUMPHREY LEFKOW
Dated: January 5, 2007          United States District Judge